CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
AYAH A. SARSOUR (Bar No. 340280)
(E Mail: Ayah_Sarsour@fd.org)
Deputy Federal Public Defender
3801 University Avenue, Suite 700
Riverside, California 92501
Telephone: (951) 276-6346
Facsimile: (951) 276-6368

Attorneys for Defendant
OSCAR MAGANA REYES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br><br>OSCAR MAGANA REYES,<br>    Defendant. | Case No. 5:25-mj-00552-Duty-1<br><br>**MR. MAGANA REYES' MOTION IN SUPPORT OF THE APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION (ECF Nos. 12, 13)** |

Defendant Oscar Magana Reyes, by and through Assistant Federal Public Defender Ayah Sarsour, hereby moves for review of Mr. Magana Reyes' detention order pursuant to 18 U.S.C. § 3145(b) and offers briefing in support of his pending application for review of the order imposing pretrial detention.

                                    Respectfully submitted,
                                    CUAUHTEMOC ORTEGA
                                    Federal Public Defender

DATED: September 8, 2025    By /s/ Ayah A. Sarsour
                                    AYAH A. SARSOUR
                                    Deputy Federal Public Defender

**Supporting Memorandum**

I. **Procedural History**

Mr. On August 30, 2025, the government filed a complaint charging Mr. Oscar Magana Reyes, also known as Oscar Magana-Madrigal, with one count of violating 18 U.S.C. § 111(a)(1). *See* Compl., United States v. Magana Reyes, No. 5:25-mj-00552-DUTY-1 (C.D. Cal. Aug. 30, 2025), ECF No. 1. Mr. Magana Reyes was arrested on August 29, 2025, and made his initial appearance before Magistrate Judge Sheri Pym on September 2, 2025. At that hearing, the Court ordered him detained pending trial. *See* Minutes of Initial Appearance, *United States v. Magana Reyes*, No. 5:25-mj-00552-DUTY-1 (C.D. Cal. Sept. 2, 2025), ECF No. 3; Order of Detention, ECF No. 6.

On September 3, 2025, defense counsel filed an application for District Court review of the detention order. *See* Application for Reconsideration, ECF No. 12. The Court subsequently directed supplemental briefing regarding whether new information exists that has a material bearing on the detention decision. *See* Order Requesting Supplemental Briefing, ECF No. 13.

The United States Pretrial Services Office also conducted a pretrial investigation and issued a report. That report found no criminal history for Mr. Magana Reyes, confirmed his long-term residence in the United States, and recommended pretrial release with conditions, including an unsecured $5,000 bond to be signed by a responsible third-party. *See* U.S. Pretrial Servs. Rep., *United States v. Magana Reyes*, No. 5:25-mj-00552-DUTY-1 (C.D. Cal. Sept. 2, 2025).

II. **Argument**

The Bail Reform Act requires release unless "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

18 U.S.C. § 3142(e)(1). The Supreme Court has emphasized that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). This Court conduct a *de novo* review of Magistrate Judge's detention order under § 3145(b). *United States v. Hir*, 517 F.3d 1081, 1086-87 (9th Cir. 2008).

### A. Presumption of Innocence and Weight of the Evidence

The government may not rely on its factual proffer to suggest guilt at this stage. "[W]hile Section 3142(g) requires the court to consider the nature of the offense and evidence of guilt, it does not require or permit a pretrial determination of guilt; 'evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community.'" *United States v. Ward*, 63 F. Supp. 2d 1203, 1208 (C.D. Cal. 1999) (quoting *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986)). Congress explicitly preserved the presumption of innocence at this stage. 18 U.S.C. § 3142(j). The Ninth Circuit has made clear that the weight of the evidence is the least important factor under § 3142(g). *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

Mr. Magana Reyes remains presumed innocent, and pretrial detention may not be imposed as punishment for the alleged offense. *See id.* at 1408.

### B. Pretrial Services' Recommendation and Conditions of Release

Pretrial Services concluded that conditions can be set to mitigate both risk of nonappearance and danger. The report noted his decades-long residence in the United States, strong family ties in California and elsewhere, lack of criminal history, and absence of substance abuse or mental health issues. *See* U.S. Pretrial Servs. Rep., *supra*. Pretrial Services recommended release on a $5,000 secured bond with third-party supervision and conditions including surrender of travel documents, residence

verification, drug and alcohol testing, and location monitoring.

The Court is obligated to impose the least restrictive combination of conditions sufficient to reasonably assure appearance and community safety. 18 U.S.C. § 3142(c)(1)(B). The conditions proposed by Pretrial Services satisfy this statutory requirement.

### C. Medical Condition

Mr. Magana Reyes suffers from epilepsy and has experienced at least five seizures while in pretrial custody. His ongoing medical condition weighs heavily in favor of release, particularly where adequate treatment and monitoring can be secured outside detention. *See* 18 U.S.C. § 3142(g)(3)(A) (directing courts to consider the defendant's "physical and mental condition").

### D. ICE Detainer and Place of Custody

The government has lodged an immigration detainer against Mr. Magana Reyes. Upon release, he will be transferred directly into ICE custody. The Ninth Circuit has made clear that immigration status cannot serve as a standalone basis for pretrial detention. *See United States v. Santos-Flores*, 794 F.3d 1088, 1092–94 (9th Cir. 2015). However, the Court may consider where a defendant will reside if released. Here, Mr. Magana Reyes's residence will be an ICE detention facility, eliminating concerns of flight or unmonitored liberty.

### III.  Conclusion

Mr. Magana Reyes has shown that conditions exist which will reasonably assure his appearance and the safety of the community. Pretrial Services, the neutral arm of the Court, has recommended release under a secured bond and strict conditions. His medical condition further supports release, and the ICE detainer ensures his residence will be controlled if released.

///

///

For these reasons, Mr. Magana Reyes respectfully requests that the Court grant his motion for pretrial release subject to the conditions recommended by Pretrial Services.

Respectfully submitted.

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 8, 2025    By /s/ Ayah A. Sarsour
AYAH A. SARSOUR
Deputy Federal Public Defender

## **CERTIFICATE OF COMPLIANCE**

I, Ayah A. Sarsour, counsel of record for Oscar Magana Reyes, certify this brief contains 1051 words, which complies with the word limit of L.R. 11-6.1.

DATED:  September 8, 2025    By */s/ Ayah A. Sarsour*
AYAH A. SARSOUR
Deputy Federal Public Defender

## PROOF OF SERVICE

I declare that I am a resident or employed in Riverside, County, California; that my business address is the Office of the Federal Public Defender, 3801 University Avenue, Suite 700, Riverside, California 92501; that I am over the age of eighteen years; that I am not a party to the action entitled above; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the State of California, and at whose direction I served a copy of the attached o **MR. MAGANA REYES' MOTION IN SUPPORT OF THE APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION (ECF Nos. 12, 13)** on the following individual(s) by:

[ ] Placing same in a sealed envelope for collection and interoffice delivery addressed as follows:

[ ] Placing same in an envelope for hand delivery addressed as follows:

[ ] Placing same in a sealed envelope for collection and mailing via the United States Post Office addressed as follows:

[X] Via Emailing same addressed as follows:

**JOEY AGUAYO JOHNSON**
**U.S. Pretrial & Probation Services Officer**
**joey_johnson@cacp.uscourts.gov**

This proof of service is executed at Riverside, California, on September 8, 2025.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Tanisha Carrillo*
**Tanisha Carrillo**

6