BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
BENJAMIN J. WEIR (Cal. Bar No. 312418)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6228
    Facsimile: (951) 276-6202
    E-mail:   Benjamin.Weir@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:25-mj-00552-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN SUPPORT OF THE APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION |
| v. | |
| OSCAR MAGANA REYES, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Benjamin J. Weir, hereby files its opposition to defendant Oscar Magana Reyes's motion in support of the application for review/reconsideration of order setting conditions of release/detention.

//
//
//
//
//
//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 10, 2025        Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

   /s/
BENJAMIN J. WEIR
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Oscar Magana Reyes ("defendant") seeks review of the Magistrate Judge's order of his detention pending trial. Defendant argues that he is not a risk of flight because he would be taken into immigration custody if ordered released on bond, and that he has suffered epileptic seizures since being in custody. He otherwise makes no arguments that were not previously before the Magistrate Judge during his initial bail hearing. Defendant's argument is not compelling. First, the Ninth Circuit has held that a district court should not consider whether or a not a defendant is subject to an immigration detainer when performing its analysis under the Bail Reform Act. Second, defendant was known to have epileptic seizures at the time of his initial bail hearing. He has provided no evidence why his being placed into immigration custody would be medically beneficial.

The Magistrate Judge properly applied the factors of the Bail Reform Act during the initial bail hearing. Defendant violently attacked an immigration officer when they tried to apprehend him, and thereafter fled and barricaded himself inside a house of which he was not a resident. Nothing more is required to show that defendant is both a risk of nonappearance in the future and a danger to the public if released on bail. Defendant's application should be denied without a hearing.

## II. BACKGROUND

On August 30, 2025, the United States filed a complaint against defendant Oscar Magana Reyes that alleged that he assaulted, resisted, or impeded certain federal officers or employees, and in so doing made physical contact with the officers or employees, in violation of 18 U.S.C. § 111(a)(1). (Dkt 1.) The complaint alleges that on August 29, 2025, U.S. Customs and Border Patrol and U.S. Immigration and Customs Enforcement – Enforcement and Removal Operations (together "immigration authorities") were conducting a planned immigration operation. Immigration authorities saw defendant riding a bicycle, and noticed that he physically resembled the target of their enforcement

operation. Two officers approached defendant and spoke to him. During that conversation, defendant told the officers that he did not have legal status in the United States. Defendant thereafter fled on his bicycle.

Immigration authorities pursued defendant and tried to arrest him. Defendant pushed his bicycle towards the officers, failed to comply with officers' commands, and resisted having handcuffs placed on him. This led to an officer using his Electronic Control Weapon – aka – "taser" on defendant. Notwithstanding being hit with a taser projectile, defendant lunged at the officer, grabbed his arm, and tried to bite him. Defendant thereafter forcefully stole the officer's taser.

Officers continued to issue verbal commands to defendant and struck defendant with a baton while trying to subdue him. Defendant continued to not comply, and an officer then used "pepper spray" on defendant. Defendant thereafter used the stolen taser on one of the officers, striking the officer in the groin area with a projectile that sent electrical shock into the officer. This temporarily incapacitated the officer and caused the officer to fall to the ground.

Officers continued to spray defendant with pepper spray, and defendant pointed the stolen taser at them. Defendant pulled the taser's trigger multiple times, but it was out of projectiles. Defendant thereafter fled on foot, ran into a nearby residence—which was not his residence, and barricaded himself inside a locked bedroom. Defendant eventually exited the bedroom and was apprehended. He admitted in a later interview that he would have continued to use the taser against officers if he still possessed it while he was in the bedroom.

At his initial appearance, U.S. Pretrial Services recommended an appearance bond by a responsible third party in the amount of $5,000. Defendant, however, was ordered detained pending trial. He filed an application for this Court to review his order of detention. (Dkt 12.) This Court issued a Minute Order on September 4, 2025, that requested briefing on whether defendant's application contained information that was not known to him at the time of his initial bail hearing, and whether any such

information had a "material bearing" on the Court's pretrial detention decision. (Dkt 13.)

## III. ARGUMENT

### A. Legal Standards Under the Bail Reform Act

As this Court noted in its Order requesting further briefing, the Bail Reform Act requires that a court must consider the following when deciding whether or not a person should be detained pending trial: "(1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985); 18 U.S.C. § 3142(g). In cases where the presumption of detention under 18 U.S.C. § 3142(e)(1) does not apply, "detention is appropriate where the government shows by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community." United States v. Li, No. 2:21-CR-00075-MCS-1, 2021 WL 12336496, at *2 (C.D. Cal. Apr. 6, 2021). Once a determination is made, the presiding judicial officer may reopen the detention hearing if they find that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of detention. 18 U.S.C. § 3142(f)(2)(B).

Additionally, a defendant ordered detained by a magistrate judge may file a motion for revocation or amendment of the order to the district judge of the court having original jurisdiction over the offense, and the motion should be determined promptly. 18 U.S.C. § 3145(b); United States v. Harris, 732 F. Supp. 1027, 1028 (N.D. Cal. 1990); see also United States v. Petersen, 557 F. Supp. 2d 1124, 1127 (E.D. Cal. 2008), as amended (May 23, 2008). District court reviews of magistrate's findings and decisions regarding detention are reviewed *de novo*. See United States v. Koenig, 912 F.2d 1190,

1193 (9th Cir. 1990) (holding that "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist. The district court erred, however, in ruling that it could review the magistrate's findings under a 'clearly erroneous' standard of deference. It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate.")

### B. Detention is Appropriate Under 18 U.S.C. § 3142(g)

All four factors that this Court must consider under the Bail Reform Act weigh in favor of detaining defendant pending trial.

#### 1. Nature and Seriousness of the Offense Charged

Defendant's conduct here is unquestionably dangerous and serious. He resisted arrest by immigration authorities, and continued to resist even after being hit with a taser and pepper spray. He stole a taser from a law enforcement officer, and deployed that taser against the officer. This resulted in an electrical discharge that caused the officer to become temporarily incapacitated and fall to the ground. Defendant tried to use the taser against other officers, but was unsuccessful because it had run out of projectiles. In short, defendant's conduct was violent and could have resulted in serious injury.

#### 2. The Weight of the Evidence Against Defendant

The weight of the evidence against defendant is strong. The complaint was supported by an affidavit made under the penalty of perjury by a Special Agent of the Department of Homeland Security. The Honorable Magistrate Judge Sheri Pym found probable cause that the defendant had violated 18 U.S.C. § 111(a)(1) by assaulting, resisting, or impeding certain officers or employees involving physical contact. Here, defendant has proffered no evidence that he did not commit the alleged offense. He merely maintains that he has a presumption of innocence. This is undoubtedly true

under the Constitution.  However, this argument is but a side-show.  A presumption of innocence until proven guilty at trial does not mitigate the impact of the evidence presented against him insofar as a detention analysis under the Bail Reform Act.  Indeed, this factor weighs in favor of pretrial detention as all available information shows that the evidence against defendant is strong.

> **3.    Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history**

The United States submits that the strongest evidence of defendant's character is shown by his actions in this case.  Rather than be taken into immigration custody, defendant fought.  Repeatedly.  He stole a taser and used it against law enforcement.  And he sought to do so again.  In an attempt to escape from law enforcement officers, he also fled into someone else's residence.

Defendant argues that he has epilepsy and has had five epileptic events while in custody.  Importantly, the Pretrial Services Report indicated that defendant reported that "he gets these attacks weekly or when stressed."  Thus, defendant's unfortunate epileptic events while in custody would seemingly not be that out of the ordinary for him.  Regardless, defendant fails to explain how being released on bond and being taken into immigration custody will be better for his physical health.

Defendant appears to have long ties to the community.  He has no known substance abuse issues or criminal history.

Defendant's lack of criminal history, lack of substance abuse, and long ties to the community would often weigh in favor of pre-trial release.  However, his underlying conduct in this matter shows a dangerous character and immediate threat to law enforcement and/or immigration authorities.  The government thus submits that this factor is either neutral or weighs in favor of detention.

> **4.    Nature and Seriousness of Danger to Any Person or the Community if Defendant Was Released**

7

The United States believes this factor weighs overwhelmingly in support of detention. Defendant has already assaulted a federal immigration officer. Should he be released on bond, defendant has already shown what would occur if he needed to be rearrested after failing to appear for a future proceeding. According to the complaint, defendant appears to have wanted to exact vengeance against officers. During his interview, "Magana admitted to trying to shock the officers because Magana wanted to do the same thing to the officers what the officers had done to him. . . . Magana added that if he still had the [taser] when he was in the bedroom, he would have tried to shock an officer he saw outside the bedroom window." (Dkt 1 ¶ 16.) The threat posed by defendant is not abstract. It has already occurred. This factor supports detention.

In sum, all of the factors this Court must consider under the Bail Reform Act support detention.

### C. The Ninth Circuit Has Held That a Defendant's Immigration Detainer Has No Import On the Court's Analysis Under the Bail Reform Act

Defendant claims that he is not a risk of flight under the Bail Reform Act because he will be transferred to immigration custody if released on bail. This argument is foreclosed by Ninth Circuit precedent.

Defendant correctly notes that the court may not consider immigration detention as the sole justification to detain someone based on risk of flight. United States v. Santos-Flores, 794 F.3d 1088, 1092 (9th Cir. 2015). However, it does not follow from Santos-Flores that it is proper to consider subsequent immigration detention under the Bail Reform Act. Indeed, the Ninth Circuit has held that a court should not consider the fact of an immigration detainer when assessing whether a defendant poses a risk of flight. United States v. Diaz-Hernandez, 943 F.3d 1196, 1198-99 (9th Cir. 2019) (discussing Santos-Flores and holding that "the 'individualized evaluation' required by the Bail Reform Act does not include consideration of an immigration detainer or the possibility that the defendant, if released from criminal custody, would be held in immigration custody. . . .In summary, . . . A defendant's immigration detainer is not a

8

factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance").

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny defendant's application for review or reconsideration of the court's order of detention on the papers and without holding a hearing.