TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
BENJAMIN J. WEIR (Cal. Bar No. 312418)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone:  (951) 276-6228
    Facsimile:  (951) 276-6202
    E-mail:        Benjamin.Weir@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 25-316-SSS |
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* No. 2 TO PRECLUDE SELF-DEFENSE ARGUMENTS |
| v. | |
| OSCAR MAGANA REYES, | Hearing Date:   April 3, 2026 |
| Defendant. | Hearing Time:   9:00 a.m. |
| | Location:         Courtroom of the Hon. Sunshine S. Sykes |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Benjamin J. Weir, hereby submits this motion *in limine* to preclude defendant Oscar Magana Reyes from raising a self-defense theory at trial.

//

//

Government counsel met and conferred with defense counsel of record on March 5, 2026, via telephone.  It is the government's understanding that defendant intends to oppose this motion.  This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 6, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


_____/s/_____
BENJAMIN J. WEIR
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

On August 29, 2025, U.S. Customs and Border Patrol and U.S. Immigration and Customs Enforcement – Enforcement and Removal Operations (together "immigration authorities") were conducting a planned immigration operation.  Immigration authorities saw defendant Oscar Magana Reyes ("defendant") riding a bicycle and noticed that he physically resembled the target of their enforcement operation.  Two officers approached defendant and spoke to him.  During that conversation, defendant told the officers that he did not have legal status in the United States.  Defendant thereafter fled on his bicycle.

Immigration authorities pursued defendant and tried to arrest him.  Defendant pushed his bicycle towards the officers, failed to comply with officers' commands, and resisted having handcuffs placed on him.  This led to an officer using his Electronic Control Weapon, also known as a "taser," on defendant.  Notwithstanding being hit with a taser projectile, defendant lunged at the officer, grabbed his arm, and tried to bite him.  Defendant thereafter forcefully stole the officer's taser.

Officers continued to issue verbal commands to defendant and struck defendant with a baton while trying to subdue him.  Defendant continued to not comply, and an officer then used "pepper spray" on defendant.  Defendant thereafter used the stolen taser on one of the officers, striking the officer in the groin area that sent electrical shock into the officer.  This caused the officer to fall to the ground.  Based on this conduct, defendant was charged with assaulting a federal officer using a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1), (b).

To date, the government has not received an offer of proof as to how defendant can establish a *prima face* case of self-defense.  Indeed, it appears that defendant cannot given that he was the aggressor by resisting arrest, trying to bite an officer, and using a taser on an officer.  Because defendant is unable to establish a *prima facie* case as to each element of self-defense against a federal officer, the Court should preclude him from introducing self-defense evidence or raising that affirmative defense at trial.

## II.    ARGUMENT

### A.    Legal Standard

"If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." United States v. Cramer, 532 F. App'x 789, 791 (9th Cir. 2013) (upholding order excluding self-defense theory at trial when defense proffer was insufficient to meet elements as matter of law); see also United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (discussing requirement defendant proffer elements of self-defense before trial).

While the *prima facie* burden is not high, the defendant must still offer "evidence upon which the jury could rationally sustain the defense." United States v. Houston, 648 F.3d 806, 816 (9th Cir. 2011).  As the Supreme Court has made clear, the requirement that a defendant first establish a *prima facie* case for each element of an affirmative defense is an important protection against "wasting valuable trial resources." United States v. Bailey, 444 U.S. 394, 417 (1980).

For defendant to argue self-defense at trial, he is required to first make an offer of proof that: (1) he did not know the victim was a federal officer or employee; (2) his use of force was reasonably necessary to defend himself against the victim's (purported) immediate use of unlawful force; and (3) such force was no more force than reasonably necessary under the circumstances.  See Ninth Circuit Model Jury Instruction No. 8.3 (2022 ed.).  An individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force only in a "narrow range of circumstances." United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012). To do so, "a defendant must offer evidence to show: '(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances.'" Id. (citing United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011)). The Ninth Circuit has long held that "an individual who is the attacker cannot make out a

claim of self-defense as a justification for an assault." Acosta-Sierra, 690 F.3d at 1126 (citation omitted).

### B. Defendant Cannot Establish a Prima Facie Case for Self-Defense

To date, defendant has not made any showing that his conduct was premised upon an unlawful use of force by federal agents, and that defendant reasonably believed that using a taser against the officer was necessary to defend himself. Rather, defendant tossed his bicycle at officers, fled from immigration officials, resisted having handcuffs placed on him, tried to bite an officer, and thereafter used a taser against an officer. Simply put, the federal officers' conduct was reasonable in light of defendant resisting arrest. More importantly, defendant was the aggressive who elevated the violate nature of the encounter. As such, self-defense is categorically unavailable since defendant initiated force against officers performing their duties. See Acosta-Sierra, 690 F.3d at 1126 (citation omitted); United States v. McNeal, 765 F. App'x 193, 194 (9th Cir. 2019) (defendant "foreclosed from presenting a theory of self-defense because he preemptively attacked").

Finally, allowing a self-defense theory in these circumstances would mislead the jury and waste judicial resources. The *prima facie* requirement exists precisely to prevent such misuse of trial time. Bailey, 444 U.S. at 417.

### III. CONCLUSION

Defendant has not, and cannot, establish the elements of self-defense under any recognized theory. Defendant was the primary aggressor when agents sought to lawfully place him in handcuffs. The government therefore respectfully requests that the Court preclude defendant from arguing or presenting evidence of self-defense at trial.