TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
BENJAMIN J. WEIR (Cal. Bar No. 312418)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone:  (951) 276-6228
    Facsimile:  (951) 276-6202
    E-mail:      Benjamin.Weir@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 5:25-00316-SSS |
|---|---|
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS |
| v. | Trial Date:  April 13, 2026 |
| OSCAR MAGANA REYES, | Trial Time:  9:00 a.m. |
| Defendant. | Location:    Courtroom of the Hon. Sunshine S. Sykes |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Benjamin J. Weir, and defendant Oscar Magana Reyes ("defendant"), by and through his counsel of record C. Reginald Taylor, hereby submit their Joint Proposed Jury Instructions in the above-captioned case.  The parties respectfully reserve the right to supplement these jury instructions as needed.

//

//

i

Unless otherwise noted, the parties have used the most recent version of the Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: March 27, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

_____/s/_____
BENJAMIN J. WEIR
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: March 27, 2026

/s/ (with emailed permission)_____
C. REGINALD TAYLOR
Attorney for Defendant
OSCAR MAGANA REYES

ii

## INDEX OF AGREED-UPON JOINT PROPOSED JURY INSTRUCTIONS

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| INSTRUCTIONS TO BE READ BEFORE OPENING STATEMENTS | | | | |
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2022 ed.) | 1 |
| 2 | | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2022 ed.) | 2 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) | 3 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) | 4 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) | 5 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) | 6 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) | 7 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) | 8 |
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) | 10 |

iii

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) | 11 |
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) | 12 |
| 12 | | Questions to Witnesses by Jurors During Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.14 (2022 ed.) | 13 |
| 13 | | Bench Conferences And Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) | 14 |
| INSTRUCTIONS TO BE READ DURING TRIAL | | | | |
| 14 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) | 15 |
| 15 | | Transcript of Recording in Foreign Language | Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2022 ed.) | 16 |
| 16 | | [IF APPLICABLE] Foreign Language Testimony | Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2022 ed.) | 17 |
| 17 | | [IF APPLICABLE] Evidence for Limited Purpose | Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2022 ed.) | 18 |
| 18 | | [IF APPLICABLE] Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) | 19 |

iv

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 19 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) | 20 |
| INSTRUCTIONS TO BE READ BEFORE CLOSING ARGUMENT | | | | |
| 20 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 21 |
| 21 | | Charge Against Defendant Not Evidence –- Presumption of Innocence –- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 22 |
| 22 | | Defendant's Decision Not to Testify/to Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) | 23 |
| 23 | | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 24 |
| 24 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) | 25 |
| 25 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) | 26 |
| 26 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) | 27 |
| 27 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 28 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 28 | | [IF APPLICABLE] Character of Victim | Ninth Circuit Model Criminal Jury Instructions, No. 3.5 (2022 ed.) | 30 |
| 29 | | [IF APPLICABLE] Impeachment Evidence -- Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.) | 31 |
| 30 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) | 32 |
| 31 | | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) | 33 |
| 32 | | Assault on a Federal Officer or Employee | Ninth Circuit Model Criminal Jury Instructions, No. 8.2 (2022 ed.) | 34 |
| 33 | | Official Duties Defined | Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) (comment) (quoting United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018)) | 35 |
| 34 | | [IF APPLICABLE] Assault on Federal Officer or Employee—Defenses | Ninth Circuit Model Criminal Jury Instructions, Nos. 8.3 (2022 ed.) (Self-Defense) (modified consistent with Comment to Model Instruction) | 36 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 35 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 38 |
| 36 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | 40 |
| 37 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 42 |
| 38 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 43 |
| 39 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 44 |
| 40 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 45 |

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 1

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury]

1

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government. The government charges the defendant with assault on a federal officer, in violation of Title 18, United States Code, Section 111(a)(1), (b). The charges against the defendant are contained in the indictment. The indictment simply describes the charge the government brings against the defendant. The information is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Ninth Circuit Model Jury Instructions, No. 1.2 (2022 ed.) [The Charge -- Presumption of Innocence] (modified to reflect information)

2

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) [What Is Evidence]

3

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)    statements and arguments of the attorneys;

(2)    questions and objections of the attorneys;

(3)    testimony that I instruct you to disregard; and

(4)    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) [What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) [Direct and Circumstantial Evidence]

5

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) [Ruling on Objections]

6

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) [Credibility of Witnesses]

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research,

8

such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) [Conduct of the Jury]

9

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) [No Transcript Available to Jury]

10

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) [Taking Notes]

11

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) [Outline of Trial]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Ninth Circuit Model Criminal Jury Instructions, No. 1.14 (2022 ed.) [Questions to Witnesses by Jurors During Trial]

13

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) [Bench Conferences and Recesses]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

<u>At the End of Each Day of the Case</u>:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

<u>At the Beginning of Each Day of the Case</u>:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) [Cautionary Instruction]

15

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

You are about to hear a recording in the Spanish language.  Each of you has been given a transcript of the recording that has been admitted into evidence.  The transcript is an English-language translation of the recording.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence.  The transcript is the evidence, not the foreign language spoken in the recording.  Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2022 ed.) [Transcript of Recording in Foreign Language]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

**[IF APPLICABLE]**

You are about to hear testimony of a witness who will be testifying in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

Ninth Circuit Model Criminal Jury Instructions, No. 2.9 (2022 ed.) [Foreign Language Testimony]

17

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

**[IF APPLICABLE]**

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2022 ed.) [Evidence for Limited Purpose]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

**[IF APPLICABLE]**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) [Stipulations of Fact]

19

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

You are about to hear testimony from Bryan Chiles, who will testify about his opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) [Opinion Evidence – Expert Witness].

20

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) [Duties of the Jury to Find Facts and Follow Law]

21

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 21

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) [Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

[If defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

[If defendant testifies]

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.)

[Defendant's Decision Not To Testify/To Testify]

23

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) [Reasonable Doubt -- Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) [What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) [What Is Not Evidence]

26

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but

28

told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

**[IF APPLICABLE]**

You have heard evidence of specific instances of the victim's character for [specify character trait].  You may consider this evidence in determining whether the victim acted in conformance with that character trait at the time of the offense charged against the defendant in this case.  In deciding this case, you should consider the victim's character evidence together with and in the same manner as all the other evidence in this case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.5 (2022 ed.) [Character of Victim]

30

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

**[IF APPLICABLE]**

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.) [Impeachment Evidence - Witness]

31

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) [Activities Not Charged]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

The indictment charges that the offense alleged in the indictment was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) [On or About –- Defined]

33

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

The defendant is charged in the single count indictment with assault on a federal officer with a deadly or dangerous weapon in violation of Section 111(a)(1), (b) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted Phillip Kautzer;

Second, the defendant did so while Phillip Kautzer was engaged in, or on account of his official duties; and

Third, the defendant used a deadly or dangerous weapon.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

An electronic control weapon, commonly known as a "taser," is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

Ninth Circuit Model Criminal Jury Instructions, No. 8.2 (2022 ed.) [Assault on Federal Officer or Employee With a Deadly or Dangerous Weapon].

34

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

The test for determining whether an officer is engaged in the performance in an official capacity in the performance of their duties is a question for you, the jury, to decide based on all the evidence presented in this case. *United States v. Ellsworth*, 647 F.2d 957 (9th Cir. 1981).

To determine whether the federal officer was engaged in the performance of "official duties" at the time of the alleged assault, you must consider whether the officer was acting within the scope of his employment. Specifically, an officer is engaged in the performance of official duties if his or her actions fall within his or her agency's overall mission, as opposed to engaging in a personal frolic of their own.

Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) (comment) (quoting United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018)); United States v. Ellsworth, 647 F.2d 957 (9th Cir. 1981)

35

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 29

**[IF APPLICABLE]**

The defendant asserts that he acted in self-defense. It is a defense to the charge if (1) the defendant did not know that P.K. was a federal officer or employee, (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that the defendant knew that P.K. was a federal officer or employee or (2) that the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force or (3) that the defendant used more force than appeared reasonably necessary in the circumstances.

Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.) [Assault on Federal Officer or Employee--Defenses]

36

**UNITED STATES' OBJECTION TO PROPOSED INSTRUCTION NO. 34**

The government objects to the inclusion of Instruction No. 34 for the reasons set forth in its Motion in Limine #2 to Preclude Self-Defense Arguments ("Motion").  Dkt. 37.

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

//

//

38

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) [Duty to Deliberate]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

//

//

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) [Consideration of Evidence -- Conduct of the Jury]

41

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) [Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 33

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) [Jury Consideration of Punishment]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) [Verdict Form]

44

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) [Communication with Court.]

45