TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
BENJAMIN J. WEIR (Cal. Bar No. 312418)
Assistant United States Attorney
Riverside Branch Office
      3403 Tenth Street, Suite 200
      Riverside, California 92501
      Telephone:   (951) 276-6228
      Facsimile:   (951) 276-6202
      E-mail:          Benjamin.Weir@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 25-316-SSS |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING POSITION |
| v. | |
| OSCAR MAGANA REYES, | Sentencing Date: May 8, 2026<br>Hearing Time:     2:00 p.m.<br>Location:             Courtroom of the Hon. Sunshine S. Svkes |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Benjamin J. Weir, hereby files its Sentencing Position regarding defendant Oscar Magana Reyes.

The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the parties' stipulation regarding criminal history category and offense level, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

The government reserves the right to file a response to any sentencing position

filed or submitted by defendant and to file any supplemental sentencing position(s) that may be necessary.

Dated: May 7, 2026                    Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

/s/
BENJAMIN J. WEIR
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

On April 24, 2026, the parties filed a plea agreement wherein defendant Oscar Magana Reyes agreed to plead guilty to felony Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), which is a lesser included offense charged in the single-count indictment in this matter (Dkt. 54.).  On May 1, 2026, the parties filed a Stipulation Re: Defendant's Criminal History Category and Offense Level Calculation and Waiver of Presentence Report.  (Dkt 56.)   On April 30, 2026, the Court set a change of plea and sentencing hearing on May 8, 2026.  (Dkt. 55.)  On May 4, 2026, the Court granted parties' stipulation, in part, and found that defendant falls under Criminal History Category I as he has zero criminal history points, found there was sufficient information to waive preparation of a PSR, and ordered that defendant would be sentenced immediately after changing his plea to guilty.  (Dkt 57.)

**II.    FACTUAL AND PROCEDURAL HISTORY**

Defendant was arrested after assaulting a federal officer on August 29, 2025. (Dkt 1.)  Defendant was ordered detained at his initial appearance on September 2, 2025 and has been in custody since that time.  (Dkt. 6.)  At the time of defendant's sentencing on May 8, 2026, defendant will thus have been in custody for approximately 252 days since his arrest, which is over eight months.

On October 1, 2025, the grand jury indicted Oscar Magana Reyes for violating 18 U.S.C. §  111(a)(1), (b) (Assault on a Federal Officer With a Deadly or Dangerous Weapon).  Defendant's plea agreement was filed on April 24, 2026, and he is scheduled to change his plea on May 8, 2026 and be sentenced immediately thereafter as defendant waived his right to the preparation of a Presentence Report.  In his plea agreement, defendant admitted that:

On August 29, 2025, in San Bernardino County, within the Central District of California, defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with victim P.K., a federal officer. Specifically, defendant physically resisted

while immigration authorities tried to detain him. While defendant resisted, he physically struck victim P.K. in the groin area. During this encounter, victim P.K. was an employee of the Department of Homeland Security, United States Immigration and Customs Enforcement, and was engaged in, and on account of, the performance of his official duties at the time defendant struck victim P.K. in the groin.

## III.    SENTENCING GUIDELINE CALCULATION

The United States believes the applicable Sentencing Guidelines calculation is as follows:

| | | |
|---|---|---|
| Base Offense Level: | 10 | U.S.S.G. § 2A2.4(a) |
| Physical Contact | +3[1] | U.S.S.G. § 2A2.4(b)(1) |
| Acceptance of Responsibility | -2 | U.S.S.G. § 3E1.1 |

The parties have stipulated, and the Court has found, that defendant falls under Criminal History Category I.   With an offense level 11, the resulting Guideline range sentence is thus 8 to 14 months' imprisonment.

## IV.    THE UNITED STATES' POSITION REGARDING THE APPROPRIATE SENTENCE

The United States recommends a sentence of time-served, followed by a three-year period of supervised release.  Such a sentence is appropriate in light of the factors listed under 18 U.S.C. § 3553(a).

### A.    Nature, Circumstance and Seriousness of the Offense and Characteristics of the Defendant

Defendant has no criminal history after having resided in the United States for many years.  This fact mitigates against a risk that defendant might reoffend in the future and lessens the need for deterrence against him.  However, defendant's conduct was undoubtedly serious as struck a federal law enforcement officer in the groin.  Such

---

[1] The Plea Agreement contained the correct plus three enhancement for physical contact.  The parties stipulation that was filed on May 1, 2026 contained an error and only listed this as a plus two level enhancement.

4

conduct cannot be condoned and warrants a term of imprisonment.

**B.      Need to protect the Public, to Provide Adequate Deterrence, and Promote Respect for the Law**

As noted, defendant has no criminal history.  He thus would appear less likely to reoffend than many violent criminals.  However, a term of imprisonment would help show the public that similar violent conduct against law enforcement will not be swept under the rug and will result in imprisonment.

Given that defendant has been in custody for over eight months, which is the low-end of the Guideline range, the United States believes that a sentence of time-served is appropriate in this matter.  While defendant's conduct was serious, he has now accepted responsibility for that conduct and is unlikely to reoffend based on his lack of prior criminal history and because he will now presumably be placed into immigration proceedings that may potentially remove him from the United States.  The government does, however, request a three-year term of supervised release in the event that defendant is either not removed from the country, or later returns to the country after his removal.

**V.     CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of time-served, a three-year term of supervised release, and the mandatory $100 special assessement.